Linda Wendell Hsu (SBN CA 162971)
lhsu@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105
Telephone:    415.979.0400
Facsimile:    415.979.2099

*Attorneys for Plaintiffs SCOTTSDALE INSURANCE COMPANY
AND HOUSTON SPECIALTY INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY AND HOUSTON SPECIALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>COLONY INSURANCE COMPANY AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.  3:25-cv-05026<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION** |

COMES NOW, Plaintiffs SCOTTSDALE INSURANCE COMPANY AND HOUSTON SPECIALTY INSURANCE COMPANY, and allege herein as follows:

**INTRODUCTION**

In this action, Plaintiff Scottsdale Insurance Company, as successor in interest to policies originally underwritten by Western Heritage Insurance Company ("Scottsdale") and Houston Specialty Insurance Company ("HSIC") (collectively "Plaintiffs" or "Settling Insurers") seek (1) declaratory relief regarding Defendant Colony Insurance Company's ("Colony's") breach of its duties to fully defend and indemnify mutual named insured, Vella Glass, Inc. ("Vella") in an underlying lawsuit filed against Vella, as described further below, and (2) contribution from Colony for its pro rata share of defense costs and indemnity paid in the underlying lawsuit.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION
Case No. 3:25-cv-05026 - 1 -

257 105381 4912-6422-8171 .v1

## THE PARTIES

1. Scottsdale is a corporation organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona. At all times relevant herein, Scottsdale is and was an insurance company authorized to transact business in the State of California.

2. HSIC is a corporation organized under the laws of the State of Texas with its principal place of business in Houston, Texas. At all times relevant herein, HSIC is and was an insurance company authorized to transact business in the State of California.

3. Plaintiffs are informed and believe, and thereon allege, that Colony is a corporation organized under the laws of the State of Nebraska with its principal place of business in Chicago, Illinois. At all times relevant herein, Colony is and was an insurance company authorized to transact business in the State of California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant 28 USC § 2201 because an actual controversy exists within the Court's jurisdiction that merits relief.

5. This Court also has jurisdiction pursuant to 28 USC § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Colony, as it has purposely availed itself of the privilege of conducting activities within California. Further, the Underlying Action (as defined below) at issue arose out of Colony's activities in California. Thus, it is reasonable for Colony to be subject to jurisdiction in California.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 USC § 1391 because the Underlying Action is and/or was pending in the Superior Court of California, County of Marin. As such, a substantial part of the events or omissions giving rise to these claims occurred here. Specifically, the underlying action and claims giving rise to it occurred in Tiburon, California. Venue is also proper in this judicial district pursuant to 28 USC § 1391 because Colony is a business authorized to conduct business in California and is thus subject to personal jurisdiction

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

here. Venue is therefore proper pursuant to 28 USC § 1391(b) and 28 USC § 1391(c).

## THE UNDERLYING ACTION

**8.** This action arises out of the Settling Insurers' full defense and indemnification of Vella in the lawsuit styled Cox, et al. v. Strauss, et al., Marin County Superior Court Case No. CIV2000323 ("Underlying Action"). A true and correct copy of the operative complaint in the Underlying Action is attached as **Exhibit 1.**

9. The plaintiffs in the Underlying Action alleged that they purchased a single-family residence located at 460 Ridge Road, Tiburon, California, in Marin County (the "Property") from various entities owned by Lowell Strauss ("Strauss"). The plaintiffs in the Underlying Action further alleged that the Property suffered from various faulty workmanship issues and property damage.

10. The plaintiffs in the Underlying Action alleged, *inter alia*, that Strauss: (a) was not a licensed contractor, did not hire a licensed general contractor to build the Property, and elected to supervise the project himself, (b) did not retain an architect or design professional to supervise the project, and instead elected to supervise the design aspects of the Property himself, (c) made all the routine and critical design and construction decisions that arose during the course of construction, and (d) was negligent in supervising and making construction decisions, which were substantial factors in creating the defects and causing property damage to the Property.

11. The plaintiffs in the Underlying Action alleged that Strauss retained Vella to install glazing components at the Property, including certain glass deck guardrails. The plaintiffs in the Underlying Action further alleged that Tim Vella personally performed the glass installation work.

12. The plaintiffs in the Underlying Action alleged that Vella's work was defective and caused physical property damage to the Property and to plaintiffs' personal property, and resulted in the loss of use of the Property.

13. Scottsdale agreed to defend Vella in the Underlying Action under a reservation of rights. Scottsdale incurred defense fees and costs defending Vella, and as described further below, contributed money to settle the Underlying Lawsuit.

14. HSIC agreed to defend Vella in the Underlying Action under a reservation of rights. HSIC incurred defense fees and costs defending Vella, and as described further below, contributed money to settle the Underlying Lawsuit.

15. Colony initially agreed to defend Vella in the Underlying Action without any reservation of rights. However, as described further below, Colony subsequently denied coverage and abruptly withdrew from the defense of Vella, leaving Scottsdale and HSIC to defend and indemnify Vella.

## THE SCOTTSDALE POLICY

16. Western Heritage Insurance Company originally issued a commercial general liability policy to Vella numbered SCP0933971 for the period beginning March 11, 2013, and ending March 11, 2014 ("Scottsdale Policy").

17. The Scottsdale Policy provided coverage for "property damage" under standard Insurance Services Office Forms CG 00 01 12 07. The Scottsdale Policy contained definitions, conditions, exclusions, and endorsements that modified the coverage.

## THE HSIC POLICY

18. HSIC issued a commercial general liability policy to Vella numbered TEN-13786 for the period beginning March 11, 2014, and ending March 11, 2018 ("HSIC Policy").

19. The HSIC Policy provided coverage for "property damage" under standard Insurance Services Office Form CG 00 01 12 07. The HSIC Policy contained definitions, conditions, exclusions, and endorsements that modified the coverage.

## THE COLONY POLICIES

20. The Settling Insurers are informed and believe, and thereon allege, that Colony issued a commercial general liability policy to Vella numbered 103 GL 0008852-00 for the period beginning March 11, 2015, and ending March 11, 2016. The Settling Insurers are informed and believe, and thereon allege, that the initial Colony policy was renewed annually until the expiration date of March 11, 2019 (collectively the "Colony Policies").

21. The Settling Insurers are informed and believe, and thereon allege, that the Colony Policies provided coverage for "property damage" under standard Insurance Services Office Form

CG 00 01 04 13.

22. The Settling Insurers are informed and believe, and thereon allege, that the Colony Policies included the following relevant exclusions:

**2. Exclusions**

*This insurance does not apply to:*

*j. Damage to Property*

*Property damage to: …*

*(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the property damage arises out of those operations; or*

*(6) That particular part of any property that must be restored, repaired or replace [ ]*

(the "Ongoing Operations Exclusions")

23. The Settling Insurers are informed and believe, and thereon allege, that the Colony Policies includes the following relevant exclusion for continuous, progressive, or repeated damage:

**EXCLUSION - CONTINUOUS, PROGRESSIVE OR REPEATED - BODILY INJURY OR PROPERTY DAMAGE**

*This endorsement modifies insurance provided under the following:*

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **SECTION I — COVERAGES, COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** *is amended and the following is added:*

*This insurance does not apply to:*

**Continuous, Progressive or Repeated Bodily Injury or Property Damage**

*"Bodily injury" or "property damage", including any continuous or progressively deteriorating or repeated "bodily injury" or "property damage", that first occurs:*

1. *Prior to the effective date of this policy and continues during the policy term; or*
2. *Prior to the effective date of this policy, continues during the policy term,*

*and ends after the expiration date of this policy.*

*This exclusion applies regardless of whether such "bodily injury" or "property damage" is known or unknown by any "Insured".*

*However, this exclusion does not apply to "bodily injury" or "property damage", including continuous or progressively deteriorating or repeated "bodily injury" or "property damage" that first occurs during the policy term and ends after the expiration date of this policy.*

(the "Progressive Damage Exclusion")

24. The Settling Insurers are informed and believe, and thereon allege, that the Colony Policies includes the following relevant exclusion for fungi or bacteria damage:

***FUNGI OR BACTERIA EXCLUSION***

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

A. *The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:***

2. ***Exclusions***

   *This insurance does not apply to:*

   ***Fungi or Bacteria***

   a. *"Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.*

   b. *Any loss, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.*

(the "Fungi Exclusion")

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION
Case No. 3:25-cv-05026 - 6 -

## **COLONY'S DENIAL OF COVERAGE**
## **AND WITHDRAWAL FROM VELLA'S DEFENSE**

25. The Settling Insurers are informed and believe, and thereon allege, that sometime in 2020, Vella tendered its defense and indemnity in the Underlying Action to Colony under the Colony Policies.

26. The Settling Insurers are informed and believe, and thereon allege, that Colony accepted Vella's tender in early 2020 without any reservation of rights and retained Rodman & Associates to defend Vella in the Underlying Action.

27. On or around April 25, 2024, Colony abruptly denied coverage to Vella for the Underlying Action, citing, among other things, the Ongoing Operations Exclusions, the Progressive Damage Exclusion, and the Fungi Exclusion contained in the Colony Policies ("Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as **Exhibit 2.**

28. Colony's explanation of its denial of coverage to Vella was inadequate such that it is impossible to determine how the aforementioned exclusions applied to the facts developed in the Underlying Action. For instance, although the Progressive Damage Exclusion bars coverage for property damage which first occurs prior to the policy period, the Denial Letter indicates there is no coverage because "the construction of the home took place [in] 2012 or **prior** to the inception date of the Colony Policies for Vella []," without reference to the timing of the alleged property damage. (Emphasis in original)

29. As the Denial Letter advised, on or around April 30, 2024, Colony withdrew from its participation in Vella's defense in the Underlying Action.

30. It is the Settling Insurers' contention that the Ongoing Operations Exclusions, the Progressive Damage Exclusion, and the Fungi Exclusion do not bar all potential for coverage under the Colony Policies.

31. On September 16, 2024, counsel for Scottsdale wrote to Colony about its denial of coverage, withdrawal from Vella's defense, and the mediation of the Underlying Action, which was to take place in October 2024. A true and correct copy of this letter is attached hereto as **Exhibit 3**. Colony did not respond to the letter.

32. On September 30 and October 5, 2024, counsel for Scottsdale emailed Colony about a response to its letter. A true and correct copy of these emails are attached hereto as **Exhibits 4 and 5**. Colony did not substantively respond to either email.

33. During the mediation in October, the Settling Insurers emailed Colony about contributing to settlement. Colony did not substantively respond. Subsequently, the Settling Insurers continued to contact Colony to no avail. The Underlying Action did not settle during the mediation.

34. On November 25, 2024, Colony issued a letter to Scottsdale confirming its denial of coverage, referencing only the Progressive Damage Exclusion. In this letter, Colony indicated that the exclusion applied because (1) "the work was completed in 2012," (2) an email dated February 8, 2013, indicated that misalignment issues with certain windows installed by Vella had been "noticed," and (3) the home sold in 2013, all of which occurred prior to the inception of the initial Colony policy. Again, there was no mention of the timing of any alleged property damage in this letter. A true and correct copy of this letter is attached hereto as **Exhibit 6**.

35. It is the Settling Insurers' contention that Colony's denial of coverage and withdrawal from Vella's defense in the Underlying Action was wrongful.

## SETTLEMENT OF THE UNDERLYING ACTION

36. Based on the facts alleged above, Colony refused to continue to defend Vella in the Underlying Action or contribute its pro rata share of the settlement of the Underlying Action.

37. In or about February of 2025, the Underlying Action settled. Vella's share of the settlement was $400,000, which was funded solely by the Settling Insurers.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

### (Duty to Defend)

38. The Settling Insurers re-allege and incorporate by this reference all preceding paragraphs above in their entirety, as though fully set forth herein.

39. Colony had a continuing duty to defend Vella in the Underlying Action as a matter of law because, among other reasons, the Ongoing Operations Exclusions, the Progressive Damage Exclusion, and/or the Fungi Exclusion do not bar all potential of coverage under the Colony

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION
Case No. 3:25-cv-05026 - 8 -

Policies for the claims alleged in the Underlying Action.

40. Colony had an obligation to contribute its pro rata share toward Vella's defense in the Underlying Action, but it failed to do so.

41. The Settling Insurers believe, and thereon allege, that Colony disputes the foregoing contention.

42. An actual controversy has arisen and now exists between the Settling Insurers and Colony concerning Colony's duty to continue to defend Vella in the Underlying Action under the Colony Policies.

43. An actual controversy has arisen and now exists between the Settling Insurers and Colony concerning Colony's obligation to contribute its pro rata share toward Vella's defense in the Underlying Action.

44. The Settling Insurers have no plain, speedy, or adequate remedy at law. A judicial determination and declaration of the parties' respective rights and duties is necessary and appropriate at this time so that the parties may resolve this dispute.

## **SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF**

### **(Duty to Indemnify)**

45. The Settling Insurers re-allege and incorporate by this reference all preceding paragraphs above in their entirety, as though fully set forth herein.

46. Colony had a duty to indemnify Vella in the Underlying Action as a matter of law because, among other reasons, the Ongoing Operations Exclusions, the Progressive Damage Exclusion, or the Fungi Exclusion do not bar coverage under the Colony Policies for the claims alleged in the Underlying Action.

47. Colony had an obligation to contribute its pro rata share toward Vella's indemnity in the Underlying Action, but it failed to do so.

48. The Settling Insurers believe, and thereon allege, that Colony disputes the foregoing contention.

49. An actual controversy has arisen and now exists between the Settling Insurers and Colony concerning Colony's duty to indemnify Vella in the Underlying Action under the Colony

Policies.

50. An actual controversy has arisen and now exists between the Settling Insurers and Colony concerning Colony's obligation to contribute its pro rata share toward Vella's indemnity in the Underlying Action.

51. The Settling Insurers have no plain, speedy, or adequate remedy at law. A judicial determination and declaration of the parties' respective rights and duties is necessary and appropriate at this time so that the parties may resolve this dispute.

### THIRD CAUSE OF ACTION

### (Equitable Contribution/Reimbursement)

52. The Settling Insurers re-allege and incorporate by this reference all preceding paragraphs above in their entirety, as though fully set forth herein.

53. Colony had a duty to continue to defend Vella in the Underlying Action, but failed to do so.

54. Colony had an obligation to contribute its pro rata share toward Vella's defense in the Underlying Action, but failed to do so.

55. Colony had a duty to indemnify Vella in the Underlying Action, but failed to do so.

56. Colony had an obligation to contribute its pro rata share toward Vella's indemnity in the Underlying Action, but failed to do so.

57. The Settling Insurers paid defense fees and costs in the Underlying Action in an amount to be demonstrated at trial.

58. The Settling Insurers paid $400,000 in indemnity on behalf of Vella to settle the Underlying Action.

59. The Settling Insurers contend that they are entitled to equitable contribution / reimbursement of the amounts incurred in the defense and indemnity of Underlying Action, including interest thereon.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment as follows:

1. For a judicial declaration and order declaring that Colony had a duty to continue to

1 defend Vella in the Underlying Action pursuant to the Colony Policies.

2. For a judicial declaration and order declaring that Colony had an obligation to contribute its pro rata share toward Vella's defense in the Underlying Action.

3. For a judicial declaration and order declaring that Colony has a duty to indemnify Vella in the Underlying Action pursuant to the Colony Policies.

4. For a judicial declaration and order declaring that Colony had an obligation to contribute its pro rata share toward Vella's indemnity in the Underlying Action.

5. For a judicial declaration and order determining the specific amounts of reimbursement owed by Colony to the Settling Insurers for the sum the Settling Insurers paid in excess of their pro rata share toward the defense of Vella that should have been paid by Colony;

6. For a judicial declaration and order determining the specific amounts of reimbursement owed by Colony to the Settling Insurers for the sum the Settling Insurers paid in excess of their pro rata share toward the indemnity/settlement of Vella that should have been paid by Colony;

7. For pre- and post-judgment interest;

8. For costs of suit incurred herein; and

9. For such other and further relief as this Court may deem just and proper.

DATED: June 13, 2025

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP


By: _s/ Linda Wendell Hsu_____
    LINDA WENDELL HSU

*Attorneys for Plaintiffs SCOTTSDALE INSURANCE COMPANY AND HOUSTON SPECIALTY INSURANCE COMPANY*